UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| James William Keck,<br><br>    Petitioner<br><br>v.<br><br>State of Nevada,<br><br>    Respondent | Case No.: 2:16-cv-02984-JAD-PAL<br><br>**Order Directing Petitioner to Amend Petition** |

Counseled petitioner James William Keck is an inmate at the High Desert State Prison (HDSP) who pled guilty to attempted murder with the use of a deadly weapon, battery with the use of a deadly weapon resulting in substantial bodily harm, assault with a deadly weapon, and burglary while in possession of a firearm. He petitions for a writ of habeas corpus, and I now screen his petition. After reviewing his petition, I am uncertain of what exactly his claims—and the bases for those claims—are. The attorneys that assisted Keck with this petition have withdrawn and have been replaced by new counsel, so I give Keck's new counsel leave to amend the petition to cure the deficiencies that I outline in this order.

**Discussion**

**A.  The petition does not name a proper respondent.**

The first deficiency is that Keck named only the State of Nevada as a respondent to his petition. The State of Nevada has sovereign immunity and may not be sued, regardless of the relief sought.[1] Keck must instead name his immediate custodian (perhaps the warden of HDSP) as a respondent.[2] This District's pro se form also includes the State Attorney General as a respondent. Keck must name a proper respondent in his amended petition.

---

[1] *See, e.g., Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984).

[2] *See generally, Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

1

**B.     The petition is not signed under penalty of perjury.**

Under 28 U.S.C. § 2242 and Rule 2(c)(5) of the Rules Governing Section 2254 Cases, the petition must be signed under penalty of perjury either by the petitioner or by a person authorized to sign for the petitioner. There is no such oath on Keck's petition, so I give him leave to cure this deficiency in an amended petition.

**C.     The claims are not stated clearly and distinctly.**

It is difficult to identify, separate, and screen Keck's individual claims in his petition's current state. His claims are alleged in an overlapping, repetitive fashion that make it difficult to discern whether an allegation is presented as background to another claim or as a distinct and separate claim. For example, ground one begins as an ineffective-assistance-of-counsel claim, but then switches back and forth between ineffective-assistance allegations and trial-court-error allegations. And ground two begins as a trial-court-error claim, but then incorporates ineffective-assistance allegations.

Both the respondents and the reviewing court need to be able to determine from the petition which claims are being presented, the specific factual bases for those claims, and the extent to which those specific claims have been exhausted in the state courts. Keck offers two grounds—ineffective assistance and trial court error—and seems to be alleging multiple bases for each of them, but it's not entirely clear, so I am unable to fairly screen his petition. If Keck has multiple reasons why he believes his counsel was ineffective, then he should structure his petition with subheadings for subclaims within his overarching ineffective-assistance claim. Likewise, Keck should use subheadings for each independent basis for his trial-court-error claim. And to avoid the confusion that I experienced while reviewing this petition, the amended petition should segregate the ineffective-assistance allegations from the trial-court-error allegations and devote them to their respective main sections.

**D.      Keck urges the wrong standard for evaluating ground two.**

Keck appears to have cut and pasted his direct-appeal argument into the federal petition.[3] But my job is not to review the trial court's sentence for an abuse of discretion. My job is to determine whether the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[4] Keck should analyze the trial court's actions under the applicable standard.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that **Keck has until June 26, 2018, to file an amended petition that cures the deficiencies that I have outlined in this order**. I will screen the amended pleading before I order other action in this case. But Keck remains responsible at all times for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted. Although I grant Keck leave to amend his petition, I do not implicitly hold that any claims asserted in it will not be subject to dismissal as untimely.

Dated: April 27, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[3] *See, e.g.*, ECF No. 1 at 8.

[4] 28 U.S.C. § 2254(d)(1).