# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

James William Keck,

    Petitioner

v.

Brian Williams,

    Respondent

Case No.: 2:16-cv-02984-JAD-PAL

**Screening Order**

[ECF No. 6]

Counseled petitioner James William Keck is an inmate at the High Desert State Prison (HDSP) who pled guilty to attempted murder with the use of a deadly weapon, battery with the use of a deadly weapon resulting in substantial bodily harm, assault with a deadly weapon, and burglary while in possession of a firearm. He petitions for a writ of habeas corpus, and I now screen his amended petition.[1] After reviewing his amended petition, and although it's substantially more clear than the original petition, I find that it still requires amendment to clarify some allegations. So, I give Keck leave to file a second-amended petition that cures the defects that I identify in this order.

## Discussion

**A.    Ground 1 is unclear.**

Keck primarily alleges in ground 1 that he was denied effective assistance of trial counsel at sentencing. But he also alleges facts and arguments seemingly suggesting that the trial court committed error and that his counsel was ineffective in connection with his guilty plea.[2] These are all distinct claims and should be alleged in separate counts. So, to be clear, multiple instances of alleged ineffective assistance of counsel should be alleged in separate counts, and multiple alleged bases for habeas relief that occurred at the same stage (for example, trial court error and ineffective assistance of counsel both in connection with the sentencing hearing)

---

[1] ECF No. 6.

[2] ECF No. 6 at 5, 24–26.

should also be alleged in separate counts. Both the court and respondents should be able to ascertain what claims are presented without fishing for subclaims within prime claims. I therefore grant Keck leave to amend ground 1 and allege his various claims in separate counts.

**B.     Ground 4 fails to state a cognizable claim upon which relief may be granted.**

Keck alleges in ground 4 that he was denied a right to procedural due process under the Fourteenth Amendment when the state district court denied his state post-conviction petition without holding an evidentiary hearing.[3] A federal habeas court has jurisdiction under 28 U.S.C. § 2254 only over a collateral challenge to a state court's judgment of conviction. The federal district court does not have jurisdiction to entertain collateral attacks on other types of judgments; and a federal district court does not exercise appellate jurisdiction over the state courts. Claims of procedural error in state post-conviction proceedings there are not cognizable in a federal habeas corpus proceeding, even when those claims are based on the federal constitution.[4] So, I dismiss this claim with prejudice because amendment would be futile.

**C.     Keck cannot incorporate by reference all claims in all prior state and federal filings.**

On page 18 of Keck's amended petition, he attempts to incorporate by reference "all claims, facts, legal arguments and authority of law previously pled in this action, whether to this Court or any other."[5] This attempted incorporation has no effect. Local Rule LR 15-1(a) states that "an amended pleading must be complete in and of itself without reference to the superseded pleading." And all factual allegations supporting the claims must be specifically alleged in the pleading itself.[6] Keck may incorporate facts already alleged in his amended petition into other portions of his amended petition, but his attempt to incorporate by reference any and all claims, allegations, legal authority, and arguments that he has ever alleged before this court or another is unacceptable. If he wishes to take arguments, authority, claims, and facts from other filings—

---

[3] ECF No. 6 at 8, 35–37.

[4] *See, e.g., Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989).

[5] ECF No. 6 at 18.

[6] *Mayle v. Felix*, 545 U.S. 644, 655–56 (2005).

before this court or another—he may do so in a second-amended petition without incorporating by reference.

**D.      Keck must file a single, unified amended petition.**

If Keck files a second-amended petition he must restructure it.  The current structure lists four numbered grounds with bare factual allegations accompanied by a memorandum of law, which provides specific factual allegations under four lettered subdivisions.[7]  Counsel must restructure the second-amended petition that is unified (rather than bifurcated as the first-amended petition is) with all relevant factual allegations included under each numbered ground for relief, reserving substantial legal argument for the reply (but allegations of trial counsel's ineffectiveness are appropriate in the petition).

**E.      Keck must name the state attorney general as an additional respondent.**

Both the local habeas-petition form and the national model § 2254 form provide for the naming of the state attorney general as a respondent in addition to the inmate's immediate physical custodian.  Keck should include the state attorney general as a respondent in his own petition.[8]

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Ground 4 is DISMISSED with prejudice because amendment would be futile.

IT IS FURTHER ORDERED that Keck **has until August 3, 2018, to file a second-amended petition that cures the deficiencies that I have outlined in the order.**  I will then screen the second-amended petition, which will take **many months**.  Keck remains responsible at all times for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted.

. . .

---

[7] *Compare* ECF No. 6 at 5–8 *with id.* at 20–37.

[8]

3

The **Clerk of Court** is directed to **NAME Brian E. Williams** as a respondent on the docket and to **TERMINATE the State of Nevada** as a party.

Dated: July 9, 2018

_____
U.S. District Judge Jennifer A. Dorsey