**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

James William Keck,

      Petitioner

v.

Brian Williams,

      Respondent

Case No.:  2:16-cv-02984-JAD-PAL

**Order Directing Response**

[ECF No. 9]

Counseled petitioner James William Keck is an inmate at the High Desert State Prison (HDSP) who pled guilty to attempted murder with the use of a deadly weapon, battery with the use of a deadly weapon resulting in substantial bodily harm, assault with a deadly weapon, and burglary while in possession of a firearm.  I have screened his second amended petition, and I direct the respondents to respond to the pleading.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is directed to ADD Nevada State Attorney General Adam Laxalt as a respondent and electronically SERVE the Nevada Attorney General with a copy of the second amended petition and this order, along with regenerated notices of electronic filing of the remaining filings in this case.

IT IS FURTHER ORDERED that, taking into account the length of the petition and the number of claims, **respondents have 90 days to respond to the petition**.  Any response filed must comply with the remaining provisions below, which are entered under Habeas Rule 4 and tailored to this particular case.  If an answer is filed, Keck will have 30 days after service of the answer to file a reply.  The response and reply time to any motion filed by either party, including a motion to dismiss, will be governed instead by Local Rule LR 7-2(b).

IT IS FURTHER ORDERED that any procedural defenses raised by respondents in this case must be raised together in a single consolidated motion to dismiss.  Defenses raised in successive motions or defenses scattered throughout the answer and a motion may be waived.  Respondents

may not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, unless allowed by 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss–not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer—they instead must be raised by motion to dismiss.

IT IS FURTHER ORDERED that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and state-court-record materials, if any, regarding each claim within the response as to that claim.

IT IS FURTHER ORDERED that respondents must file a set of state-court exhibits relevant to the response filed to the petition, in chronological order. All state-court-record exhibits filed herein must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number or numbers of the exhibits in the attachment, in the same manner as in No. 3:06-cv-00087-ECR-VPC, ## 25-71. The purpose of this provision is to permit a reviewing court to be able to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments. Counsel must send a hard copy of all exhibits filed in this case to the Reno Clerk's Office.

Dated: August 10, 2018

_____
U.S. District Judge Jennifer Dorsey