| | |
|---|---|
| JAMES WILLIAM KECK, | Case No.: 2:16-cv-02984-JAD-PAL |
| Petitioner | **Order Granting in Part and Denying in Part Motion to Dismiss** |
| v. | |
| BRIAN WILLIAMS, et al., | [ECF No. 12] |
| Respondents | |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Petitioner James William Keck challenges his 2012 state court conviction on various charges after Keck shot up his workplace, injuring three people. Although Keck seeks habeas relief on a variety of grounds, respondents move to dismiss ground four as untimely and unexhausted. I find that ground four is timely because it relates back to the original petition, but it has not been exhausted. So, I grant the motion in part and give Keck until May 24, 2019, to notify this court how he wants to proceed with this mixed petition.

**Background**

Keck pled guilty to attempted murder with the use of a deadly weapon, battery with the use of a deadly weapon resulting in substantial bodily harm, assault with a deadly weapon, and burglary while in possession of a firearm[1] after he took a shotgun to his place of employment

---

[1] ECF No. 9; Ex. 32. The exhibits cited in this order, comprising the relevant state court record, are located at ECF Nos. 13–16.

and fired several rounds, injuring three people.[2] At his plea hearing, the trial court informed Keck that his offenses were "probationable."[3]

In ground four of his second amended petition, Keck asserts that his offenses were not in fact "probationable" and that counsel on direct appeal was ineffective for failing to raise this issue, which would have been a basis for allowing him to withdraw his plea.[4] He argues that, while the offenses might have been eligible for probation at the time he entered his plea, they no longer were by the time of sentencing.[5] Respondents argue that ground four is untimely and unexhausted, and they move to dismiss on those grounds.[6]

## Discussion

### A. Ground four is timely because it relates back to the original petition.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions.[7] A new claim in an amended petition that is filed after the expiration of AEDPA's one-year limitation period will be timely only if the new claim relates back to a claim in a timely filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure. A claim relates back when it arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading.[8]

---

[2] Ex. 3.
[3] Ex. 26 (Tr. 4).
[4] ECF No. 9 at 9.
[5] *Id.* at 9–10.
[6] ECF No. 12.
[7] 28 U.S.C. § 2244(d).
[8] *Mayle v. Felix*, 545 U.S. 644 (2005).

Habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because they challenge the same trial, conviction, or sentence.[9] The new claims relate back "only when" they "arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes."[10] So a claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be deemed timely.[11]

Ground four was asserted for the first time in Keck's second amended petition, which was filed after the expiration of the statute of limitations, so it is untimely unless it relates back to the original timely petition. In the original petition, Keck asserted that the district court erroneously advised him that his offenses were eligible for probation and that his trial counsel was ineffective in this respect.[12] The claim that appellate counsel was ineffective for failing to raise the trial court's erroneous statement on appeal shares a common core of operative facts with the timely claim that Keck was erroneously advised that his offenses were probationable.[13] Ground four thus relates back to Keck's original petition and is timely.

**B.     Though timely, ground four was not properly exhausted.**

Because a habeas petitioner must give the state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, the federal court will not consider

---

[9] *Id*. at 655–64.

[10] *Id*. at 657.

[11] *Id*. at 659 and n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

[12] ECF No. 1 at 11–12.

[13] *See Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013), *abrogated on other grounds by Davila v. Davis*, -- U.S. --, 137 S. Ct. 2058 (2017).

a state prisoner's petition for habeas relief until he has properly exhausted his available state remedies for all claims.[14] A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings.[15] To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[16] The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.[17] The state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights.[18] "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion,"[19] but citing to state case law that applies federal constitutional principles will suffice.[20]

Contrary to Keck's assertion, the allegations in ground four were not fairly presented to the state courts. While Keck asserted in state court that trial counsel was ineffective and that the trial court erred by refusing to let Keck withdraw his guilty plea, there is no allegation anywhere in his briefs that *appellate* counsel was ineffective in this regard.[21] Keck also argues here that

---

[14] *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).

[15] *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

[16] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[17] *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).

[18] *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

[19] *Hiivala*, 195 F.3d at 1106.

[20] *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[21] Ex. 108.

while the offenses might have been "probationable" at the time of entry of plea, they were no longer so by the time of sentencing,[22] which is not a contention that was presented to or resolved by the state courts and is an assertion that fundamentally alters the claims that were presented to, and decided by, the Nevada Court of Appeals. So ground four is unexhausted.

**C.    Keck must choose one of three ways to proceed.**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition.[23] A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal.[24] Because ground four is unexhausted, a mixed petition is exactly what Keck has here. So Keck must now choose one of three paths forward. He can (1) submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition and proceed only on the exhausted claims; (2) return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or (3) file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims. If Keck does not select one of these three options or seek and obtain other appropriate relief from this court by the deadline, the court will dismiss this entire federal habeas petition.[25] If he chooses the third option, he is cautioned that a stay is available only if he can show good cause for his failure to exhaust his claims in state court.[26]

---

[22] ECF No. 9 at 9–10; ECF No. 17 at 7.

[23] *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

[24] *Id*.

[25] Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

[26] *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

**Conclusion**

IT IS THEREFORE ORDERED that **respondents' motion to dismiss [ECF No. 12] is GRANTED IN PART and DENIED IN PART.** Ground four is timely, but unexhausted.

IT IS FURTHER ORDERED that **Keck has until May 24, 2019, to do one of the following**:

(1) Inform this court in a sworn declaration that he wishes to formally and forever **abandon the unexhausted grounds** for relief in his federal habeas petition and proceed on the exhausted grounds;

(2) Inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to **return to state court to exhaust** his unexhausted claims; **or**

(3) **File a motion for a stay** and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.

**If Keck does none of these things by the deadline, this entire petition may be dismissed without further prior notice.**

Dated: April 23, 2019

_____
U.S. District Judge Jennifer A. Dorsey