# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JAMES WILLIAM KECK,

     Petitioner

v.

BRIAN WILLIAMS, et al.,

     Respondent

Case No.: 2:16-cv-02984-JAD-BNW

**Order Denying Petition for
Writ of Habeas Corpus and Denying
Certificate of Appealability**

     Petitioner James William Keck was sentenced to 22 to 60 years after pleading guilty in Nevada state court to attempted murder with the use of a deadly weapon, battery with the use of a deadly weapon resulting in substantial bodily harm, assault with a deadly weapon, and burglary while in possession of a firearm.[1]  Keck seeks a writ of habeas corpus under 28 U.S.C. § 2254, arguing that his trial counsel was ineffective and that he was denied an individualized sentencing hearing.[2]  Having evaluated the merits of those claims, I find that habeas relief is not warranted, so I deny Keck's petition, deny him a certificate of appealability, and close this case.

## Background

**A.      The facts underlying Keck's conviction[3]**

     On April 12, 2012, Keck entered his workplace, Boma's Bar located in Las Vegas, Nevada, armed with a shotgun.  He confronted a co-worker at the bar, who ran away from him on foot.  Keck shot at his co-worker while chasing her into a nearby office building and threatening to kill her.  He fired several rounds, injuring three people.

---

[1] ECF No. 13-32.

[2] ECF No. 9.

[3] These facts are taken from the information, second amended criminal complaint, and sentencing hearing.  ECF Nos. 13-3, 13-24, 13-31.  For simplicity's sake, I cite to these exhibits generally for this entire background section.

1

**B.      Procedural history**

Keck was charged with three counts of attempted murder with use of a deadly weapon, one count of battery with use of a deadly weapon, one count of battery with use of a deadly weapon resulting in substantial bodily harm, four counts of assault with a deadly weapon, and two counts of burglary while in possession of a firearm.[4]  With a September 6, 2012, guilty plea agreement and plea colloquy, Keck pled guilty to one count of attempt murder with use of a deadly weapon, one count of battery with use of a deadly weapon resulting in substantial bodily harm, one count of assault with a deadly weapon, and one count of burglary while in possession of a firearm.[5]

At the sentencing hearing, Keck was present in custody with his counsel.[6]  The state district court was provided with a pre-sentence investigation report, a pre-sentence psychological evaluation, victim-impact statements, and letters in support of Keck.[7]  During the sentencing hearing, the State, defense counsel, and two victim speakers addressed the state district court.[8]  The State proffered that Keck was angry with his co-worker because she rejected his romantic advances and that Keck contacted this co-worker prior to going to his workplace to communicate that he was going to kill her.[9]  The defense proffered that Keck had "serious emotional issues" as documented in the pre-sentence psychological evaluation, that he was prescribed an anti-depressant by a general practitioner, and that he was using substances like alcohol and

---

[4] ECF No. 13-16.

[5] ECF Nos. 13-25, 13-26.

[6] ECF No. 13-31.

[7] ECF No. 7 at 35–59; ECF No. 16–15.

[8] *Id.*

[9] ECF No. 13-31 at 5–6.

marijuana.[10]  Keck had stopped using such substances "cold turkey" after he did not pass a drug test and his employer suspended him from his job.[11]

The state district court sentenced Keck to 22 to 60 years in prison.[12]  Keck appealed and the Nevada Supreme Court affirmed Keck's judgment of conviction.[13]  Keck then filed a state habeas petition.[14]  The state district court denied his state habeas petition and found that an evidentiary hearing was not necessary.[15]  The Nevada Court of Appeals affirmed the denial of the petition.[16]  Keck filed a counseled federal habeas petition, amended petition, and second amended petition.[17]  The respondents moved to dismiss ground four of Keck's petition,[18] and I granted the motion in part, finding that ground four was unexhausted.[19]  I then ordered Keck to decide how to proceed, and he abandoned his unexhausted claim.[20]  The respondents answered the remaining claims in Keck's petition.[21]  Keck filed no reply and the deadline to do so has long passed.

---

[10] *Id.* at 9.

[11] *Id.* at 10.

[12] ECF No. 13-32.

[13] ECF No. 15-3.

[14] ECF No. 15-5.

[15] ECF No. 15-26 at 11–12.

[16] ECF No. 16-13.

[17] ECF Nos. 1, 6, 9.

[18] ECF No. 12.

[19] ECF No. 22.

[20] ECF No. 24.

[21] ECF No. 26.

**Discussion**

**A.    Legal standards**

   *1.    Review under the Antiterrorism and Effective Death Penalty Act (AEDPA)*

If a state court has adjudicated a habeas corpus claim on its merits, a federal district court may only grant habeas relief with respect to that claim if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[22]  A state court acts contrary to clearly established federal law if it applies a rule contradicting the relevant holdings or reaches a different conclusion on materially indistinguishable facts.[23]  And a state court unreasonably applies clearly established federal law if it engages in an objectively unreasonable application of the correct governing legal rule to the facts at hand.[24]  Section 2254 does not, however, "require state courts to *extend*" Supreme Court precedent "to a new context where it should apply" or "license federal courts to treat the failure to do so as error."[25]  The "objectively unreasonable" standard is difficult to satisfy;[26] "even 'clear error' will not suffice."[27]

Habeas relief may only be granted if "there is no possibility [that] fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents."[28] As "a condition for obtaining habeas relief," a petitioner must show that the state-court decision

[22] 28 U.S.C. § 2254(d).

[23] *Price v. Vincent*, 538 U.S. 634, 640 (2003).

[24] *White v. Woodall*, 134 S. Ct. 1697, 1705–07 (2014).

[25] *White*, 134 S. Ct. at 1705–06.

[26] *Metrish v. Lancaster*, 569 U.S. 351, 357–58 (2013).

[27] *Wood v. McDonald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) (citation omitted); *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question . . . is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold.").

[28] *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

"was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement."[29]  "[S]o long as 'fairminded jurists could disagree' on the correctness of the state court's decision," habeas relief under Section 2254(d) is precluded.[30]  AEDPA "thus imposes a 'highly deferential standard for evaluating state-court ruling,' . . . and 'demands that state-court decisions be given the benefit of the doubt.'"[31]

        If a federal district court finds that the state court committed an error under § 2254, the district court must then review the claim de novo.[32]  The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief,[33] but state-court factual findings are presumed correct unless rebutted by clear and convincing evidence.[34]

### 2.    Standard for Federal Habeas Review of an Ineffective-Assistance Claim

        The right to counsel embodied in the Sixth Amendment provides "the right to the effective assistance of counsel."[35]  Counsel can "deprive a defendant of the right to effective assistance[] simply by failing to render 'adequate legal assistance[.]'"[36]  In the hallmark case of *Strickland v. Washington*, the United States Supreme Court held that an ineffective-assistance claim requires a petitioner to show that: (1) his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms in light of all of the

---

[29] *Id.* at 103.

[30] *Id.* at 101.

[31] *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations omitted).

[32] *Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

[33] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

[34] 28 U.S.C. § 2254(e)(1).

[35] *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)).

[36] *Id.* (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 335–36 (1980)).

1   circumstances of the particular case;[37] and (2) it is reasonably probable that, but for counsel's

2   errors, the result of the proceeding would have been different.[38]  However, the court need not

3   "address both components of the inquiry" if the petitioner "makes an insufficient showing on

4   one."[39]

5           A reasonable probability is "probability sufficient to undermine confidence in the

6   outcome."[40]  Any review of the attorney's performance must be "highly deferential" and must

7   adopt counsel's perspective at the time of the challenged conduct so as to avoid the distorting

8   effects of hindsight.[41]  "The question is whether an attorney's representation amounted to

9   incompetence under prevailing professional norms, not whether it deviated from best practice or

10  most common custom."[42]  The burden is on the petitioner to overcome the presumption that

11  counsel made sound trial-strategy decisions.[43]

12          When an ineffective-assistance-of-counsel claim is made in the context of a guilty plea,

13  the *Strickland* prejudice prong requires a petitioner to demonstrate "there is a reasonable

14  probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and

15  would have insisted on going to trial."[44]  As the United States Supreme Court observed:

16              In many guilty plea cases, the "prejudice" inquiry will closely
17              resemble the inquiry engaged in by courts reviewing ineffective-
                assistance challenge to convictions obtained through a trial. For
18              example, where the alleged error of counsel is a failure to
                investigate or discover potentially exculpatory evidence, the
19              determination whether the error "prejudiced" the [petitioner] by

20

21  [37] *Strickland*, 466 U.S. at 690.

22  [38] *Id.* at 694.

23  [39] *Id*. at 697.

24  [40] *Williams v. Taylor*, 529 U.S. 362, 390–91 (2000)

25  [41] *Strickland*, 466 U.S. at 689.

26  [42] *Harrington*, 562 U.S. at 104.

27  [43] *Id.*

28  [44] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

6

> causing him to plead guilty rather than go to trial will depend on
> the likelihood that discovery of the evidence would have lead
> counsel to change his recommendation as to the plea. This
> assessment, in turn, will depend in large part on a prediction
> whether the evidence likely would have changed the outcome of a
> trial.[45]

The United States Supreme Court has described federal review of a state appellate court's decision on an ineffective-assistance claim as "doubly deferential."[46] So, the court must "take a 'highly deferential' look at counsel's performance . . . through the 'deferential lens of § 2254(d)'"[47] and consider only the record that was before the state court that adjudicated the claim on its merits.[48]

**B.    Evaluating Keck's remaining claims**

Keck alleges that he was denied effective-assistance-of-counsel because his counsel did not meet with him to review the plea agreement, because counsel failed to provide Keck a copy of his pre-sentence investigation ("PSI") report, and because counsel failed to adequately prepare for the sentencing hearing.[49] He also claims that he was denied an individualized sentencing hearing in violation of his constitutional rights.[50] I now address these four remaining claims.

***1.    Ground 1—ineffective assistance re: plea advice***

In Ground 1, Keck alleges that he was denied effective-assistance-of-counsel when his counsel did not meet with him regarding the plea agreement in the detention center.[51] Keck

---

[45] *Id.*

[46] *Cullen*, 563 U.S. at 190 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

[47] *Id.*

[48] *Id.* at 181–84.

[49] ECF No. 9 at 4, 6, 7.

[50] *Id.* at 11.

[51] *Id.* at 4.

7

asserts that he was given the plea agreement to sign immediately prior to arraignment.[52]   In affirming the denial of Keck's state habeas petition, the Nevada Court of Appeals held:

> Keck argues his counsel was ineffective for failing to sufficiently review the written plea agreement with Keck prior to entry of his guilty plea.  Keck fails to demonstrate his counsel's performance was deficient or resulting prejudice.  In the written plea agreement, Keck acknowledged that he had discussed the charges and possible defenses with counsel, and that counsel had answered all his questions regarding the agreement.  At the plea canvass, Keck further asserted that he had read and understood the written plea agreement, and that his attorney had answered all of his questions regarding the agreement.  Accordingly, Keck fails to demonstrate his counsel did not sufficiently review the written plea agreement with Keck.  Keck fails to demonstrate a reasonable probability he would have refused to plead guilty and would have insisted on going to trial had counsel spent further time discussing the written plea agreement with Keck.  Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.[53]

I find that the Nevada Court of Appeals' rejection of Keck's claim was neither contrary to nor an unreasonable application of clearly established law as determined by the United States Supreme Court.  The Nevada Court of Appeals' determination that Keck failed to demonstrate that his counsel was deficient was not an unreasonable application of the performance prong of *Strickland*.  At the plea canvass, Keck affirmed that he discussed the case and his rights with his counsel, that he understood the plea agreement, and that his counsel answered any questions that he had regarding the agreement.[54]  "Solemn declarations in open court carry a strong presumption of verity."[55]  In the written plea agreement, Keck again affirmed that he discussed any possible defenses with his attorney and that his attorney answered all of his questions

---

[52] *Id.*

[53] ECF No. 16-13 at 3.

[54] ECF No. 13-26 at 5–6.

[55] *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).

regarding the plea agreement.[56]  The Court of Appeals reasonably determined that Keck failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness.

Moreover, the Court of Appeals reasonably found Keck would not have pled differently and insisted on going to trial if his counsel had spent more time discussing the plea agreement with him.  To succeed on such a theory, the "petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances."[57]  The State initially charged Keck with eleven felony counts.[58]  As a result of plea negotiations, in the information to which Keck entered a guilty plea: (1) the prior three counts of attempt murder with use of a deadly weapon were collapsed into a single count; and (2) the prior four counts of assault with a deadly weapon were collapsed into a single count; and (3) the prior two counts of burglary were collapsed into a single count.[59]  Had Keck rejected the plea agreement and proceeded to trial, he would have faced seven additional felony charges and would not have gained the benefit of reduced exposure at sentencing.  The Court of Appeals reasonably found that Keck failed to demonstrate a reasonable probability that but for counsel's failure to review the plea agreement with him prior to entry of the plea, a rational defendant in Keck's situation would have pled not guilty and would have insisted on going to trial.  Keck is, therefore, denied federal habeas relief on Ground 1.

###### 2.       *Ground 2—ineffective assistance re: the PSI report*

In Ground 2, Keck alleges that he was denied effective-assistance-of-counsel because counsel failed to provide him with a copy of the PSI report.[60]  He asserts that because he was not timely provided a copy of the PSI report, he was unable to correct errors contained in the document, such as statements that he threatened his co-worker prior to the shooting, that he was

---

[56] ECF No. 12-25 at 6–7.

[57] *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

[58] ECF No. 13-16.

[59] ECF No. 13-24.

[60] ECF No. 9 at 6–7.

"jilted" by his co-worker, and that he was under the influence of drugs and alcohol at the time of the shooting.[61]   The respondents argue that there were multiple external sources for such information and that Keck failed to demonstrate prejudice.[62]   The Nevada Court of Appeals held:

> Keck argues his counsel was ineffective for failing to permit him to review the presentence investigation report (PSI) and advising him to decline to talk with parole and probation during the preparation of the PSI. Keck fails to demonstrate either deficiency or prejudice for this claim. Keck makes only a bare claim for this issue and does not explain how personally reviewing the PSI or talking with the person preparing that report would have altered the outcome in this matter. A bare claim, such as this one, is insufficient to demonstrate a petitioner is entitled to relief. *See Hargrove,* 100 Nev. at 502-03, 686 P.2d at 225. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.[63]

   I find that the Nevada Court of Appeals' rejection of Keck's bare claim was neither contrary to nor an unreasonable application of *Strickland*.  Although the Court of Appeals held that Keck failed to demonstrate both deficiency and resulting prejudice, I will address only the prejudice prong.  The Court of Appeals reasonably determined that Keck failed to establish that the outcome of sentencing would have been different had counsel presented the PSI report for Keck's review or advised him to speak with the individuals preparing the PSI report.  Keck did not demonstrate how personally reviewing the PSI or speaking with the preparers of the PSI would have altered sentencing.[64]   He asserts that he was deprived of the opportunity to timely correct certain factual errors contained in the document, which does not establish that the outcome of sentencing would have been different, particularly in light of the nature of the crimes to which Keck pled guilty.  Keck's bare claim did not set forth that there was any indication that

---

[61] *Id.* at 6.

[62] ECF No. 26 at 11.

[63] ECF No. 16-13 at 4.

[64]  *See Turner v. Calderon*, 281 F.3d 851, 855 (9th Cir. 2002) (rejecting "bare assertions").

1 the state district court relied on the allegedly incorrect information contained within the PSI

2 report in sentencing him.

3        Further, Keck was advised in the plea agreement that the PSI report would be prepared

4 before sentencing and that it could contain hearsay information.[65]  Keck had the opportunity to

5 speak during the sentencing hearing, but he did not claim at that time that he had not been given

6 the chance to review the report or that any of the information discussed by the State was

7 incorrect.  The Court of Appeals reasonably determined that Keck failed to demonstrate a

8 reasonable probability that but for counsel's failure to review the PSI report with Keck, the

9 outcome of sentencing would have been different.  So I deny Keck federal habeas relief on

10 Ground 2.

11       ***3.***      ***Ground 3—ineffective assistance re: sentencing-hearing preparation***

12        In Ground 3, Keck alleges that he was denied effective assistance of counsel at

13 sentencing because counsel failed to adequately prepare for his sentencing hearing.[66]  He asserts

14 that counsel failed to review the drug assessment evaluation provided by the defense, failed to

15 prepare Keck for the sentencing hearing, and failed to object to inflammatory remarks made by

16 victims at sentencing and/or in victim-impact statements.[67]  The respondents argue that the

17 record shows that counsel was well prepared for the sentencing hearing and that Keck failed to

18 demonstrate prejudice.[68]

19        The Nevada Court of Appeals held:

20            Keck argues his counsel was ineffective for failing to ensure Keck

21            was prepared to give a statement during the sentencing hearing and
           for failing to ensure Keck had the opportunity to review a

22            competency evaluation which discussed Keck's issues regarding
           substance abuse.  Keck also argues counsel should have hired

23            additional experts to further explain Keck's withdrawal from those

24

25 [65] ECF No. 13-25 at 5.

26 [66] ECF No. 9 at 7–8.

27 [67] *Id.* at 8.

28 [68] ECF No. 26 at 15–16.

substances.  Keck asserts that these issues prevent him from properly presenting to the sentencing court the withdrawal information in mitigation.

Keck fails to demonstrate his counsel's performance was deficient or resulting prejudice.  Keck made a brief statement during the sentencing hearing, a competency evaluation discussing his substance abuse was presented to the sentencing court, and counsel made a lengthy argument in mitigation regarding Keck's substance abuse and withdrawal from those substances.  Keck fails to demonstrate this was the conduct of objectively unreasonable counsel.  In addition, Keck makes only a bare claim that counsel should have hired additional experts and he does not demonstrate counsel could have uncovered further favorable expert testimony regarding this issue.  *See id.*  In light of the nature of Keck's crimes, Keck fails to demonstrate a reasonable probability of a different outcome at the sentencing hearing had counsel provided further information regarding Keck's substance abuse issues or permitted Keck to further review the evidence pertaining to his issues.  Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Keck argues his counsel was ineffective during the sentencing hearing for failing to object to impermissible victim impact testimony.  During the sentencing hearing, one victim stated she was fearful if Keck was released from prison he could find her and harm her or her family.  Another victim referred to Keck as the devil and asserted that Keck had "murdered the lives of the victims" because he had forever altered their lives.

Keck fails to demonstrate his counsel's performance was deficient or resulting prejudice.  When placed in context, the victims' statements reveal they were expressing fear of Keck, their desire that he receive a lengthy prison sentence, and the impact Keck had on their lives following the workplace-shooting incident.  Given the nature of the victim-impact testimony, Keck fails to demonstrate that objectively reasonable counsel would have objected during the victims' statements.  *See* NRS 176.0153(3)(3) (victims may "[r]easonably express any views concerning the crime, the person responsible, the impact of the crime on the victim and the need for restitution"; *see also Gallego v. State*, 117 Nev. 348, 370, 23 P.3d 227 242 (2001) ("A victim can express an opinion regarding the defendant's sentence . . . in non-capital cases."), *overruled on other grounds by Nunnery v. State*, 127 Nev. 749, 776 n. 12, 263 P.3d 235, 255 n.12 (2011).  Keck fails to demonstrate a reasonable probability of a different outcome had counsel objected during the victim-impact testimony.  *See*

> *Dieudonne v. State*, 127 Nev. 1, 9, n.3, 245 P.3d 1202, 1207 n.3
> (2011) (recognizing that erroneous admission of victim-impact
> statements is reviewed for harmless error).  Therefore, the district
> court did not err in denying this claim without conducting an
> evidentiary hearing.[69]

I find that the Nevada Court of Appeals' rejection of Keck's claim was neither contrary to nor an unreasonable application of the performance prong of *Strickland*.  Counsel's representation of Keck at sentencing did not amount to "incompetence under prevailing professional norms."[70]  Counsel prepared an extensive sentencing memorandum in which he described Keck's substance abuse and attached a psychological evaluation performed by an expert, Dr. Mortillaro, that further discussed Keck's substance abuse and withdrawal as well as numerous letters in support of Keck.[71]  At the sentencing hearing, counsel made a detailed argument and multiple references to Dr. Mortillaro's findings regarding Keck's substance abuse and withdrawal from those substances in support of mitigation.[72]  Further, as the Court of Appeals reasonably concluded, Keck failed to demonstrate that his counsel could have uncovered further favorable expert testimony regarding this issue.[73]  Despite alleging that he was unprepared, Keck made a brief statement during the sentencing hearing expressing remorse and willingness to accept responsibility for his actions in addition to his counsel's lengthy argument.[74]

---

[69] ECF No. 16-13 at 4–6.

[70] *Harrington*, 562 U.S. at 104.

[71] ECF No. 16-15.

[72] ECF No. 13-31 at 7–12.

[73] ECF No. 16-13 at 4–5.

[74] ECF No. 13-31 at 7.  *See also Strickland*, 466 U.S. at 688–89 ("No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant.").

Moreover, Keck did not demonstrate that there was a basis for objectively reasonable counsel to successfully object to the victim-impact testimony. Counsel's decision not to object to the alleged inflammatory remarks contained within the victim-impact testimony does not fall "outside the wide range of professionally competent assistance."[75] In order to prevail on an ineffective-assistance-of-counsel claim, Keck must show that his counsel acted deficiently and "a reasonable probability that, but for counsel's [deficiencies], the result of the proceeding would have been different."[76] However, I need not "address both components of the inquiry" if there is "an insufficient showing on one."[77] Keck has not sufficiently demonstrated here his counsel's "representation fell below an objective standard of reasonableness."[78] Therefore, the *Strickland* inquiry need not continue, and Keck is denied federal habeas relief on Ground 3.

### 4.  *Ground 5—due process and an individualized sentencing hearing*

In Ground 5, Keck alleges that he was denied his right to due process of law and an individualized sentencing hearing in violation of the Eighth and Fourteenth Amendments because the Nevada Supreme Court erred by failing to find that the district court did not consider mitigating factors and issued the maximum possible sentence without explanation. Keck argues that the district court did not consider his individual circumstances such as his mental health and lack of criminal record, and it disregarded the Nevada Division of Parole and Probation's recommended sentence. The respondents argue that non-capital criminal defendants do not have a constitutional right to an individualized sentencing hearing and that the district court sentenced Keck within the statutory limits on each of his crimes.

---

[75] *Strickland*, 466 U.S. at 690.

[76] *Id.* at 694.

[77] *Id.* at 697.

[78] *Id.*

On direct appeal, the Nevada Supreme Court rejected these arguments:

> Keck contends that the district court abused its discretion and
> violated his constitutional rights under the Eighth Amendment and
> the Due Process Clause by not considering the recommended
> sentence of the Nevada Division of Parole and Probation, his
> history of mental health issues and drug abuse, lack of criminal
> history, or any other mitigating evidence presented at his
> sentencing hearing before sentencing him to 22 to 66 years in
> prison. "The Eighth Amendment requires that defendants be
> sentenced individually, taking into account the individual as well
> as the charged crime." *Martinez v. State*, 114 Nev. 735, 737, 961
> P.2d 143, 145 (1998). We have consistently afforded the district
> court wide discretion in its sentencing decision, *see, e.g. Houk v.
> State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987), and will
> refrain from interfering with sentence imposed by the district court
> "[s]o long as the record does not demonstrate prejudice resulting
> from consideration of information or accusations founded on facts
> supported only by impalpable or highly suspect evidence," *Silks v.
> State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). Keck has not
> presented any evidence that the district court based its sentencing
> decision solely on the charged crime and that it did not consider
> him as an individual. Furthermore, Keck does not allege that the
> district court considered evidence founded on impalpable or highly
> suspect evidence. Therefore, we conclude that the district court
> did not abuse its discretion at sentencing or violate the United
> States and Nevada constitutional requirement of individualized
> sentencing.
>
> Keck contends that the district court abused its discretion by failing
> to articulate a reason for its sentencing determination. In support
> of this contention, Keck cites a number of federal cases and argues
> that because a presentence investigation report is analogous to the
> Federal Sentencing Guidelines, the district court should be
> required to explain its reasons for departing from the
> recommendation of the Division of the Parole and Probation. The
> Federal Sentencing Guidelines are not analogous to a Nevada
> presentence investigation report. *Compare* NRS 176. 145 *with* 18
> U.S.C. § 3553; U.S. Sentencing Guidelines Manual (2012); *see
> also* Fed. R. Crim. P. 32(d). Even assuming that a presentence
> investigation report is analogous to the Federal Sentencing
> Guidelines, decisions of the federal district court and panels of the
> federal circuit court of appeals are not binding on Nevada courts.
> *United State ex rel. Lawrence v. Woods*, 432 F.2d 1072, 1075-76
> (7th Cir. 1970). We are not persuaded that the district court abused

its discretion by failing to articulate a reason for its sentencing determination.[79]

Sentencing issues regarding rules of sentencing adopted by state courts generally do not raise constitutional issues which may be reached by habeas proceedings.[80]  The question on federal habeas review is thus not whether the state district court committed state-law error, "rather, a federal habeas petitioner must show that an alleged state sentencing error was 'so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation.'"[81]  And although the Nevada Supreme Court provided that the Eighth Amendment requires that defendants be sentenced individually, criminal defendants in noncapital cases do not have a constitutional right to individualized sentences.[82]  Nonetheless, the Nevada Supreme Court determined that the district court did not abuse its discretion at sentencing, did not violate constitutional requirements, and did not deny Keck individualized sentencing.  That decision is neither contrary to clearly established law as determined by the United States Supreme Court nor an unreasonable application thereof.

The state district court's alleged failure to consider mitigating factors or Keck's individual circumstances in sentencing and its alleged failure to articulate its reasons for his sentence was neither arbitrary nor capricious and did not result in any fundamental unfairness or any violation of Keck's due process or Eighth Amendment rights.  In addition to his counsel's lengthy argument in support of mitigation, counsel prepared and presented to the state district court a sentencing memorandum that included a psychological evaluation as well as letters from

---

[79] ECF No. 15-3 at 2–3.

[80] *Johnson v. State of Ariz.*, 462 F.2d 1352, 1353 (9th Cir. 1972).  *See also Christian v. Rhode,* 41 F.3d 461, 469 (9th Cir. 1994) (holding that absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief).

[81] *Richmond v. Lewis,* 506 U.S. 40, 50 (1992).

[82] *Lockett v. Ohio*, 438 U.S. 586, 605 (1978) (plurality opinion) ("[I]n noncapital cases, the established practice of individualized sentences rests not on constitutional commands, but on public policy enacted into statutes.").

his family, friends, and previous employers.  As the Nevada Supreme Court noted, the state district court is afforded wide discretion in its sentencing decision and Keck did not present any evidence that the district court based its sentencing decision solely on the charged crime or that it considered evidence founded on impalpable or highly suspect evidence.  Additionally, the Nevada Supreme Court's determination that the state district court did not abuse its discretion by failing to articulate a reason for imposing Keck's sentence was not contrary to clearly established federal law as his sentence was within the statutory limits.[83]  A sentence imposed in accordance with state law does not violate federal due process simply because the state district court failed to set forth its reasoning for imposing a particular sentence.  Accordingly, Ground 5 provides no basis for habeas corpus relief.

**C.      Certificate of Appealability**

The right to appeal from the district court's denial of a federal habeas petition requires a certificate of appealability.  To obtain that certificate, the petitioner must make a "substantial showing of the denial of a constitutional right."[84]  "Where a district court has rejected the constitutional claims on the merits," that showing "is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[85]  Because I have rejected petitioner's constitutional claims on their merits, and Keck has not shown that this assessment of his claims is debatable or wrong, I find that a certificate of appealability is unwarranted in this case.

---

[83] *Whalen v. United States,* 445 U.S. 684, 689–90 n. 4 (1980).  *See also Branch v. Cupp,* 736 F.2d 533, 536 (9th Cir. 1984), *cert. denied,* 470 U.S. 1056 (1985).

[84] 28 U.S.C. § 2253(c).

[85] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000).

**Conclusion**

IT IS THEREFORE ORDERED that the petition **[ECF No. 9] is DENIED**.

And because reasonable jurists would not find my decision to deny this petition to be debatable or wrong, a **certificate of appealability is DENIED**.

The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

Dated: December 16, 2020

_____
U.S. District Judge Jennifer A. Dorsey